MICHAEL ZAPPOLO and Another, Respondents, *v.* JOHN A. LANIGAN and Another, Appellants.

Fourth Department, December 23, 1935.

*William Ryan*, for the appellants.

*John F. Wright* [*George H. Vinette* of counsel], for the respondents.

PER CURIAM. The question presented by this appeal is whether the judgment for a sum of money is erroneous because no reference was made therein to a counterclaim. The complaint sought a recovery partially for an unliquidated amount and the counterclaim was also for an unliquidated recovery. The sum awarded is not an impossible one for the judge of the Municipal Court to have awarded by taking into consideration both the claims of the plaintiff and the counterclaim of the defendant. Every intendment is in favor of a judgment and if the counterclaim was in fact considered the judgment was proper in form (Civ. Prac. Act, § 477). We are referred to certain cases arising in the First and Second Departments, but these cases are distinguishable on the ground that they are cases

(a) where findings were requisite and no findings were made as to the counterclaim, or (b) where the complaint demanded liquidated damages and the amount of recovery showed conclusively that the counterclaim was not considered, or (c) the opinion states categorically that the counterclaim was not considered. These precedents are distinguishable from the present case as the most that can be said here is that it does not appear conclusively that the counterclaim was considered. However, as we cannot, say that it was not considered, we must affirm the judgment.

All concur, except Edgcomb and Lewis, JJ., who dissent and vote for reversal on the law and for granting a new trial in memorandum. Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

Edgcomb and Lewis, JJ. (dissenting). Section 118 of chapter 187 of the Laws of 1928, known as the Syracuse Municipal Court Code, requires that the court, in a case tried without a jury, " must hear the evidence and decide all questions of fact and law." Defendants interposed a counterclaim, and offered proof in support thereof on the trial. The judgment is silent as to what disposition was made of the counterclaim. Undoubtedly the judgment could properly be affirmed, even though it does not specifically refer to the counterclaim, if it is reasonably inferable from the record that the court passed upon such issue. We think that no such inference can be reasonably or logically drawn here. It is just as consistent, if not more so, to arrive at an opposite deduction, and to conclude, from an examination of the record, that the court overlooked and failed to pass upon the counterclaim. Defendants are entitled to know what disposition, if any, has been made of their counterclaim, so as to govern their future conduct accordingly. The judgment, therefore, cannot stand. The following cases in the Appellate Term of the First Department, relating to the practice in the New York City Municipal Court, which practice is similar to that of the Syracuse Municipal Court, are authority for this conclusion: *Schaffer* v. *Fihrer* (133 N. Y. Supp. 921); *Miller* v. *Garfinkel* (167 id. 293); *Reed Wire Specialties Co.* v. *Krasilovsky* (170 id. 33); *Altmark* v. *Gelfand* (133 id. 443); *Rosenberg* v. *Aldhaus* (132 id. 369).

Judgment affirmed, with costs.